## NEGLECT OF DUTY BY ONE UNDER CONTRACT OF EMPLOYMENT.

Circuit Court of Cuyahoga County.

THE BETH HAMIBRASH HAGADOL BETH ISRAEL CONGREGATION V. JACOB ETTINGER.

Decided, December 28, 1908.

*Breach of Contract of Employment—Plaintiff's Neglect of Duty as a Defense—Condonation of Neglect—Measure of Damages.*

1. In an action of damages for breach of contract of employment where defendant pleads that plaintiff neglected his duty, it is error to charge the jury that plaintiff's neglect of duty, to warrant a discharge, must be willful. Any neglect of duty, willful or otherwise, is sufficient, if it tends to prejudice the employer's interests.

2. Whether failure to discharge plaintiff after he has been guilty of neglect of duty, amounts to a condonation of his failure, is for the jury to say, under all the circumstances of the case.

3. The measure of damages for wrongful discharge is the balance due under the contract less the amount the plaintiff earned, or might have earned, upon reasonable efforts to secure other employment, during the remainder of the term. The plaintiff can not remain idle without making any effort to reduce the damages. It is for the jury to say whether, in fact, the plaintiff did make reasonable efforts to obtain other employment.

*F. P. Strong* and *Wm. E. Gunn*, for plaintiff in error.
*Nathan Loeser*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This dispute between a religious congregation and its cantor was aired at too great length in the courts. It is to be hoped that the parties have now worn themselves out and that bitterness and feeling have expended themselves, so that peace and harmony may again prevail. The trial judge is not entirely to blame for the protracted contest which involved the introduction of much irrelevant testimony and too profuse a charge; counsel for both parties are to blame for this result, not only in permitting evidence of collateral matters to be introduced which had no bear-

ing upon the real issue in the case, but also in the requests to charge, which were not sufficiently condemned to meet the simple requirements of the case.

The cantor was discharged before his term of employment was ended. Was there good cause for his discharge, and if not, what was the measure of his damages?

These were the only matters for consideration, supplemented by the rebuttal claim of the plaintiff that the congregation had condoned some of the failures to completely perform his contract.

The bias or prejudice of Bialowski or others of the congregation, or improper motive in the discharge, if any, had no place in the case. We can not reverse the judgment, however, because of the introduction of such evidence, because the record shows that plaintiff in error not only permitted that kind of evidence to be introduced without objection, but went into the matter itself.

We find prejudicial error in the charge, however, in several respects.

Throughout the charge the court reiterated the statement that the plaintiff's neglect of duty, to warrant a discharge, must be wilful. We do not so understand the law. Any neglect of duty, wilful or otherwise, is sufficient, if it tends to prejudice the employer's interests. *Birkman, Jr., v. Garrett,* 66 O. S., 136.

Again the charge as to condonation is unfortunate, because obscure. Having properly charged on the subject the trial judge undertook to explain his meaning and seems to say that the mere continuance of the employment, after knowledge of the plaintiff's neglect, would amount to a waiver, and that the defendant would then have to prove that it did not intend condonation. Of course it was for the jury to say what the facts amounted to, and no greater burden was upon the defendant than to explain the delay, if it could.

The charge as to measure of damages was erroneous. The court charged that if the jury found for the plaintiff it should award him the balance due under the contract less such sum

as it might find he had earned during the term. This should have been qualified so as to authorize the jury to deduct not only that which the plaintiff had earned, but what he might have earned upon reasonable efforts to secure other employment. The plaintiff can not remain idle without making any effort to reduce the damages to the defendant.

Whether or not he did use reasonable diligence to secure other work should have been left to the jury, under proper instructions.

For error in the charge in the respects stated, the judgment is reversed.